Electronically Filed
9/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## CAUSE NO. C-2120-16-C

| | | |
|---|---|---|
| **Arturo Magana and Rosa L. Magana** | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | JUDICIAL DISTRICT |
| **All State Vehicle and Property Insurance Company AND** | § | |
| Andrew Joseph Aga | § | HIDALGO COUNTY, TEXAS |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR RULE 194.2 DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Arturo Magana and Rosa L. Magana, (hereinafter referred to as "PLAINTIFF"), and files  Original Petition against , (hereinafter referred to as 'DEFENDANT") and for cause of action would respectfully show the Court the following:

### I.

### Discovery

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

### II.

### Parties and Service

PLAINTIFF owns the following dwelling, policy and was assigned the following claim number:

Electronically Filed
9/9/2016 10:35:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2120-16-C**

| CLIENT | ADDRESS | POLICY NO. | CLAIM NO. |
|---|---|---|---|
| **Arturo Magana and Rosa L. Magana** | 507 Sunset Blvd<br>Donna, Texas | 829100905 | 352326797 |

Defendant, Allstate Vehicle and Property Insurance Company, a foreign corporation, organized and existing under the laws of the State of Illinois, is authorized to do business in Texas, and does not maintain a regular place of business within the State of Texas.  Defendant has sufficient contacts with Texas that, under the Texas Long-Arm Statute, it can be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St. Ste. 900 Dallas, Texas 75201-3136.  Defendant's home office address is 3075 Sanders Road Suite H1a Northbrook IL 60062-7127.

DEFENDANT, ANDREW JOSEPH AGA, upon information and belief is an individual who conducts business in Texas and is the insurance adjuster complained of in this matter and may be served with process at the following mailing address or wherever he may be found: 1180 RUSTLING WIND LN, LEAGUE CITY, TX 775733052.  Service may be perfected via Certified Mail Return Receipt Requested..

## III.

### Jurisdiction and Venue

Venue of this action is proper in HIDALGO COUNTY, Texas, because the policy of issue was issued and delivered in HIDALGO COUNTY, Texas, because the property insured is situated in HIDALGO COUNTY, Texas, because PLAINTIFF'S losses occurred in

Electronically Filed
9/9/2016 10:35:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2120-16-C**

HIDALGO COUNTY, Texas, and because all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO COUNTY, Texas.

Jurisdiction is proper in this state as the DEFENDANT is conducting business in the State of Texas. The insurance business done by the DEFENDANT in Texas includes, but is not limited to, the following:

1. The making and issuing of contracts of insurance with PLAINTIFF;
2. The taking or receiving of application for insurance, including PLAINTIFF'S application for insurance;
3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from PLAINTIFF;
4. The issuance or delivery of contracts of insurance to residents of tis state or a person authorized to do business in this state, including PLAINTIFF; and
5. The investigation and or adjustment of insurance claims within the State of Texas.

## IV.

### Rule 47 Statement

The amount in controversy and damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief of $75,000.00 or Less , including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorney's fees.

Electronically Filed
9/9/2016 10:35:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2120-16-C

## V.

## Facts

DEFENDANT and/or its agents committed the actions alleged against PLAINTIFF in this complaint. DEFENDANT provided coverage to the PLAINTIFF for such dwelling, personal property, and other matters under the Insurance Policy.

PLAINTIFF, as listed above, owns a home in HIDALGO COUNTY and was issued an insurance policy insuring that home by DEFENDANT. On or about 05/09/14, the structures were subjected to covered damages. PLAINTIFF promptly reported her losses and was assigned the claim number as listed above.

During the term of said policy, PLAINTIFF(s) sustained covered losses in the form of wind, hailstorm, and water damages resulting from openings created by those perils, including damage to the architectural finishes of the property. The damages were from the hailstorm, which devastated property in HIDALGO COUNTY, Texas. As a result of the covered events, PLAINTIFF's property sustained damages, including the cost of destruction of the property necessary to access and fix the damaged areas. The damages sustained to PLAINTIFF'S home are covered damages under the insurance policy; however DEFENDANT has failed to fully compensate PLAINTIFF for the damages to  home in accordance with their policy. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of DEFENDANT'S claims decision.

Electronically Filed
9/9/2016 10:35:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2120-16-C**

## VI.

## Conditions Precedent

All notices and proof of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. All of the conditions precedent to bring this suit under the insurance policy, and applicable statutory regimes have occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery have occurred and/or have been performed, DEFENDANT failed and refused to pay PLAINTIFF(s) a just amount in accordance with their contractual obligations, agreements, and representations.

There is no federal question nor any allegations giving rise to a federal question.

## VII.

## Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANT, PLAINTIFF'S property was damaged by the covered perils of windstorm and hailstorm. These perils created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANT has denied and/or delayed payment of PLAINTIFF's covered claims. DEFENDANT had no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible

Electronically Filed
9/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2120-16-C**

and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with PLAINTIFF. The conduct of DEFENDANT has proximately caused damage to PLAINTIFF.

## VIII.

### DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANT has engaged in the following violations of the DTPA, which, together and separately, has been a producing cause of PLAINTIFF'S damages.

(a)     DEFENDANT made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     DEFENDANT'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     DEFENDANT failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by DEFENDANT at the time for the purpose of inducing PLAINTIFF into transactions which she would not have otherwise entered in violation of Section

6

Electronically Filed
9/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2120-16-C

17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)   As described above, DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under Section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANT took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding damages to PLAINTIFF'S property.

DEFENDANT'S conduct as described herein was a producing cause of damages to PLAINTIFF for which   sues. The conduct of DEFENDANT as more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of its conduct, DEFENDANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award under the DTPA for economic damages and all other available damages as a result of DEFENDANT'S conduct.

## IX.

### Unfair Insurance Practices

DEFENDANT failed to inform PLAINTIFF of material facts such as the true scope of damages, terms of the policy, and cost to repair. DEFENDANT failed to properly process claims and have misrepresented material facts to PLAINTIFF. DEFENDANT has failed to address all

Electronically Filed
9/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2120-16-C**

damage to the property and its contents causing further damage to PLAINTIFF.

Further, DEFENDANT intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF and have intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANT is fully aware. DEFENDANT concealed damage known by them to exist. DEFENDANT knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss and to deny the rest. PLAINTIFF attempted to dispute these charges on own but were forced to hire attorneys when DEFENDANT failed to respond.

By their conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of PLAINTIFF'S claims once liability became reasonably clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC Section 21.203(4));

(2)     DEFENDANT failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code

Electronically Filed
9/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2120-16-C

Ann. 541.060(a)(3); 28 TAC Section 21.203(9));

(3)     DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC Section 21.203(15));

(4)     DEFENDANT breached its duty of good faith and fair dealing at common law;

(5)     DEFENDANT failed within a reasonable time to affirm or deny coverage of a claim to a policyholder. (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC Section 21.203(10));

(6)     DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC Section 21.203(3));

(7)     DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC Section 21.203(6);

(8)     DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC Section 21.203(18));

(9)     DEFENDANT undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC Section 21.203(13));

(10)    DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of

Electronically Filed
9/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2120-16-C

insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)    DEFENDANT made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)    the terms of the policy; and/or

(ii)    the benefits or advantages promised by the policy.

(b)    DEFENDANT made untrue statements of material facts (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC Section 21.203(1));

(c)    DEFENDANT failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made;

(d)    DEFENDANT made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact; and

(e)    DEFENDANT is refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a) (5); 28 TAC Section 21.203(11)).

The conduct of DEFENDANT as described herein was a producing cause of damages to PLAINTIFF.

Electronically Filed
5/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2120-16-C

## X.

## Breach of the Duty of Good Faith and Fair Dealing

From and after the time PLAINTIFF'S claim was presented to DEFENDANT, liability to pay the claim in accordance with the terms of insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable INSURANCE COMPANY would have relied to deny and/or delay payment for PLAINTIFF'S claim, DEFENDANT refused to accept the claim in totality and pay PLAINTIFF as the policy required. At that time, DEFENDANT knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim.

This constitutes failing to handle or process PLAINTIFF'S claim in good faith, an affirmative duty placed on the DEFENDANT, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W. (2)(d) 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANT breached its duty to deal fairly and in good faith with PLAINTIFF.

DEFENDANT'S breach was a proximate cause of the losses, expenses, and damages suffered by PLAINTIFF for which  sues

Electronically Filed
7/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2120-16-C

## XI.

### Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claim to DEFENDANT and DEFENDANT engaged in unfair settlement claim practices as discussed above and denied and/or have delayed payment on PLAINTIFF'S claim. DEFENDANT'S investigation and reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S minimal investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFF disputes the reliability of the investigative findings. DEFENDANT has failed to comply with the requirements of Chapter 542 listed herein:

    (a)    Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

    (b)    Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

    (c)    Failing to request all of the items, statements and forms the DEFENDANT reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claim, together with attorney's fees, for which sues.

Electronically Filed
9/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2120-16-C

## XII.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or compliance is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion pled by DEFENDANT and furthermore would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by DEFENDANT violates Section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANT. In this regard, PLAINTIFF would show that a similar insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in

Electronically Filed
7/19/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

violation of the laws of this state; including Section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF.

In the alternative, DEFENDANT is judicially, administratively, or equitably stopped from denying PLAINTIFF'S construction of the policy coverage at issue.

To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XIII.

## Damages

Due to the acts and omissions of the Defendant, more specifically set forth above, Plaintiff seeks to recover all actual and special damages, including but not limited to the following: past, present, and future cost of repair to Plaintiff's home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while repairs are occurring. The Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment and post judgment interest and attorney's fees.

Plaintiff's damages as described in this petition are within the jurisdictional limits of the Court.

Electronically Filed
3/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2120-16-C**

## XIV.

## Request for Rule 194.2 Disclosures

Under Texas Rule of Civil Procedure 194.2, PLAINTIFF requests that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## XV.

## Prayer

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That DEFENDANT be cited to appear and that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which  may show herself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANT for economic damages, attorney's fees, cost of suit, pre-judgment and post-judgment interest, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Offices of R. Kent Livesay, P.C.

5319 South McColl Road

Edinburg, Texas 78539

(956) 686-5776 Telephone

(956) 686-0050 Facsimile

Electronically Filed
3/9/2016 10:55:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2120-16-C**

By:  /s/ R. Kent Livesay

R. Kent Livesay

Texas Bar No. 00790057

**ATTORNEY FOR PLAINTIFF**